2019 IL App (1st) 180062-U

No. 1-18-0062

Order filed November 22, 2019

Fifth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 16 CR 839 |
| | ) | |
| JACQUES WILLIAMS, | ) | Honorable |
| | ) | Lawrence E. Flood, |
| Defendant-Appellant. | ) | Judge, presiding. |

PRESIDING JUSTICE HOFFMAN delivered the judgment of the court.
Justices Rochford and Delort concurred in the judgment.

**ORDER**

¶ 1     *Held*: Defendant's 10-year sentence for armed habitual criminal is affirmed where the trial court appropriately weighed the seriousness of the offense, defendant's criminal record, and the factors in mitigation.

¶ 2     Following a bench trial, defendant was found guilty of one count of armed habitual criminal (AHC) and one count of unlawful use or possession of a weapon by a felon (UUWF). The trial court merged the UUWF count into the AHC count and sentenced defendant to 10 years' imprisonment for AHC. Defendant appeals, arguing his sentence is excessive given the

seriousness of the offense, his criminal history, and the mitigating factors. Additionally, defendant contends the trial court erroneously considered his predicate convictions for AHC in aggravation. We affirm.

¶ 3   Defendant was charged by indictment with four counts of aggravated unlawful use of a weapon (AUUW) (720 ILCS 5/24-1.6 (West 2014)), two counts of UUWF (720 ILCS 5/24-1.1(a) (West 2014)), and one count of AHC (720 ILCS 5/24-1.7(a) (West 2014)). The State proceeded on one count of UUWF and AHC.

¶ 4   At trial, Chicago police officer Ronald Mero testified that he and his partner were patrolling the 900 block of North Hamlin Avenue shortly before noon on December 15, 2015. According to Mero, the area had recent problems with narcotics and gangs. During his patrol, Mero observed defendant near two men on the corner. Defendant and one of the men appeared to make a hand-to-hand exchange. Mero exited his vehicle, announced his office, and approached the group to conduct a field interview. Defendant began walking in the opposite direction. When Mero instructed defendant to stop, defendant started running. During the ensuing chase, Mero observed defendant discard an object in a gangway. Mero recovered the object, a revolver loaded with eight live rounds. Defendant was apprehended a short time later by a support unit.

¶ 5   Officer Donald Falk testified that he read defendant the *Miranda* rights at the police station. Afterwards, defendant stated that he found the firearm near the alley on Hamlin. He was attempting to sell the firearm to the two individuals on the street when Mero approached.

¶ 6   The State entered a stipulation that defendant had felony convictions in case numbers 06 CR 14901-02 and 97 CR 10817-01.

¶ 7    Defendant published a video purporting to show a portion of the foot chase. The trial court found defendant guilty on both counts, and denied his motion for a new trial.

¶ 8    Defendant's presentence investigation (PSI) report showed that he was 37 years old at the time of sentencing, was raised by a single mother, and had two children. He earned a GED, but did not have an employment history and was supported by his family. Defendant denied drug or alcohol use or gang involvement, although a Leads response showed "previous gang crime involvement." Defendant had 10 convictions between 1997 and 2014, including solicitation of unlawful business, two traffic violations, AUUW, battery, and four convictions for manufacture, delivery, or possession of a controlled substance, including case numbers 97 CR 10817-01 and 06 CR 14901-02.

¶ 9    The State argued in aggravation that defendant had an "extensive felony history" and requested a sentence above the six-year minimum. In mitigation, defense counsel emphasized that defendant spent time with his children and gave them financial support when he could. Counsel further argued that the six-year minimum sentence at 85% time would significantly exceed defendant's longest sentence of eight years at 50%. Finally, defense counsel argued that the crime was not serious in nature because defendant did not use or threaten to use the firearm. Defense counsel requested the minimum sentence. In allocution, defendant requested a punishment besides imprisonment, and asked for mental health treatment "[i]nstead of drug counseling."

¶ 10   The trial court merged defendant's UUWF count into the AHC count and sentenced defendant to 10 years' imprisonment for AHC, to be served at 85%. The trial court stated it considered the PSI report and factors in mitigation and aggravation. The trial court mentioned

that defendant had a "number" of convictions, and that his eight-year sentence for his drug conviction in case number 06 CR 14901-02 was his longest to date. The trial court stated that defendant had "been to the Department of Corrections before" and understood "what's required *** to remain in society," but "again, we have a situation where you're on the street armed with a weapon." Defendant filed a motion to reconsider sentence, which the trial court denied.

¶ 11    On appeal, defendant contends that his 10-year sentence is excessive because he did not harm or threaten anyone. Defendant also argues that his sentence is excessive in light of his criminal history and the mitigating factors supporting his potential for rehabilitation. Finally, defendant contends the trial court improperly used his predicate AHC convictions to enhance his sentence. The State responds that the sentence is appropriate because the trial court properly weighed the relevant factors, and did not use an improper factor to enhance the sentence.

¶ 12    The Illinois Constitution requires that trial courts consider the seriousness of the offense and the rehabilitation of the defendant in arriving at a sentence. Ill. Const. 1970, art. I, § 11. Sentencing decisions are reviewed for abuse of discretion and are "entitled to great deference." *People v. Stacey*, 193 Ill. 2d 203, 209 (2000). This is because the trial court is better positioned than the reviewing court to observe the defendant and weigh factors such as the defendant's credibility, demeanor, moral character, mentality, environment, habits, and age. *Id.*

¶ 13    A sentence within the statutory sentencing range "will not be deemed excessive unless it is greatly at variance with the spirit and purpose of the law or manifestly disproportionate to the nature of the offense." *People v. Fern*, 189 Ill. 2d 48, 54 (1999). In making this determination, the reviewing court cannot substitute its judgment for that of the trial court. *People v. Streit*, 142 Ill. 2d 13, 19 (1991). The seriousness of a crime is the most important factor when fashioning a

sentence. *People v. Evans*, 373 Ill. App. 3d 948, 968 (2007). The trial court may also consider the "nature of the crime, the protection of the public, deterrence and punishment, as well as the defendant's rehabilitative prospects." *People v. Bryant*, 2016 IL App (1st) 140421, ¶ 14. The trial court is not required to list all factors considered. *People v. Wilson*, 2016 IL App (1st) 141063, ¶ 11. Rather, the trial court is presumed to have considered all appropriate factors in aggravation and mitigation unless otherwise demonstrated by the record. *People v. Sauseda*, 2016 IL App (1st) 140134, ¶ 19.

¶ 14    AHC is a Class X felony with a sentencing range of 6 to 30 years. 720 ILCS 5/24-1.7(b) (West 2014); 730 ILCS 5/5-4.5-25(a) (West 2014). The 10-year sentence imposed by the trial court was within that range, and therefore presumptively proper. *Fern*, 189 Ill. 2d. at 54. Thus, defendant must demonstrate that his sentence was greatly at variance with the spirit of the law or manifestly disproportionate to the nature of the offense. *Id.*

¶ 15    Defendant first argues that his conduct was not serious enough to merit a sentence higher than the statutory minimum because he did not harm or threaten anyone. The evidence at trial established that Mero observed defendant engage in a hand-to-hand transaction in a high crime area. When Mero ordered defendant to stop, he fled and discarded a loaded revolver. Following defendant's arrest, he told an officer that he found the firearm in an alley and was attempting to sell it.

¶ 16    Based on these facts, the trial court could rationally find that defendant's conduct was serious enough to warrant the sentence imposed. The illicit sale of a firearm in a high crime area has harmful consequences to the community. The potential for the weapon to facilitate future violence is obvious. Defendant's attempt to discard the loaded weapon during the chase was also

dangerous. Had the police not recovered the weapon, it could have been recovered by anyone who happened upon it. Additionally, the AHC statute was designed to "help protect the public from the threat of violence that arises when repeated offenders possess firearms." *People v. Davis*, 408 Ill. App. 3d 747, 750 (2011). Thus, defendant's conviction is inherently serious, even in the absence of bodily harm or an active threat to a particular individual. See *People v. Saldivar*, 113 Ill. 2d 256, 269 (1986) ("the commission of any offense, regardless of whether the offense itself deals with harm, can have varying degrees of harm or threatened harm"). Under these circumstances, the trial court did not abuse its discretion in sentencing defendant above the minimum.

¶ 17    Defendant also argues that his sentence is excessive in light of his criminal history, which he characterizes as mostly nonviolent. However, the trial court was permitted to consider defendant's entire criminal history when fashioning a sentence. *People v. Thomas*, 171 Ill. 2d 207, 229 (1996). Defendant had 10 prior convictions, including convictions for AUUW and battery. The trial court could reasonably have concluded that defendant's record was significant and not nonviolent. While the present 10-year sentence exceeds defendant's past sentences, the trial court could rationally have considered this as proof that previous shorter sentences did not deter defendant's further criminal behavior. See *People v. Raymond*, 404 Ill. App. 3d 1028, 1071 (2010). Thus, defendant's sentence was not excessive in light of his criminal history.

¶ 18    Defendant further argues that the trial court failed to properly weigh mitigating evidence regarding his potential for rehabilitation. Defendant notes that he helped support his children, earned his GED, and had a difficult upbringing. Defendant also argues his desire for mental health treatment and strong familial support indicate that he can be rehabilitated.

¶ 19    The trial court is presumed to have considered all appropriate mitigating evidence absent an affirmative showing that the court ignored relevant factors. *Sauseda*, 2016 IL App (1st) 140134, ¶ 19. The court is not required to weigh mitigating factors more strongly than aggravating factors. *People v. Alexander*, 239 Ill. 2d 205, 214 (2010). The record demonstrates that the trial court considered both the factors in aggravation and mitigation, including the mitigating factors cited by defendant on appeal. Additionally, we note there is reason to doubt the weight due defendant's mitigation arguments. Defendant claimed he supported his children, but reported no employment history. Defendant further claimed no gang involvement, but this was contradicted by the PSI report. These inconsistencies aside, defendant does not affirmatively show that the trial court ignored his mitigating factors. In the absence of this showing, defendant is simply asking this court to reweigh the factors considered by the trial court, which we cannot do. *Streit*, 142 Ill. 2d at 19.

¶ 20    Defendant also contends the trial court failed to weigh the societal issues of mass incarceration and the financial burden of imprisonment on the community. In support, defendant cites various studies and articles from a law review and a newspaper. However, these materials were not introduced in the trial court, and we cannot consider them on appeal. *People v. Heaton*, 266 Ill. App. 3d 469, 476 (1994) (reviewing court will not take judicial notice of facts not brought before trial court). As defendant neither presented these materials nor argued this matter in the trial court, we must reject defendant's argument that the trial court abused its discretion by not expressly acknowledging these issues during sentencing. Rather, the trial court is presumed to consider all relevant factors in mitigation, including the costs of incarceration, and defendant

here has made no specific reference to the record to rebut this presumption. See *People v. Acevedo*, 275 Ill. App. 3d 420, 426 (1995).

¶ 21    As a final matter regarding mitigation, we note that defendant makes a new argument in his reply brief that his criminal history should be interpreted as evidence of an untreated drug addiction. We cannot consider this argument because matters raised for the first time in reply briefs are forfeited. See Ill. S. Ct. R. 341(h)(7) (eff. May 25, 2018). Additionally, this argument contradicts defendant's PSI report, where he indicated no drug use, and his allocution, where he declined drug treatment in favor of mental health counseling.

¶ 22    Finally, defendant argues that his sentence was excessive because the trial court used the predicate convictions that were elements of AHC to enhance his sentence. Relevant here, improper double enhancement occurs when a single factor is used as an element of an offense and as a basis for a longer sentence than may otherwise have been imposed. *People v. Phelps*, 211 Ill. 2d 1, 12 (2004). However, "while the *fact*" of a prior conviction is an element of AHC, the trial court may still consider "the *nature and circumstances* of that conviction" in determining an appropriate sentence. (Emphasis in original.) *People v. Brown*, 2018 IL App (1st) 160924, ¶ 21 (citing *People v. Thomas*, 171 Ill. 2d 207, 227-28 (1996)).

¶ 23    During the sentencing hearing, the trial court only specifically referenced a predicate conviction to discuss the sentence defendant received for it. The trial court did not mention either predicate conviction as a basis for enhancing defendant's sentence in the present case. In its other comments on defendant's criminal history, the trial court stated that based on defendant's past imprisonment, he should know what was expected of him to "remain in society." The trial court

then concluded that "again, we have a situation where you're on the street armed with a weapon."

¶ 24    We find that the trial court did not use defendant's predicate convictions as improper factors to enhance his sentence. The trial court's comments during sentencing discussed defendant's failure to reform his behavior despite his previous sentences. Thus, the trial court weighed the nature and circumstances of defendant's criminal history, which is appropriate under *Thomas*.

¶ 25    In sum, the trial court did not abuse its discretion in weighing the seriousness of defendant's crime, his criminal history and predicate offenses, or his mitigating factors. For the foregoing reasons, we affirm the judgment of the trial court.

¶ 26    Affirmed.