2020 IL App (2d) 180998
No. 2-18-0998
Opinion filed December 29, 2020

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Du Page County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 17-CF-425 |
| LIEDGRIN E. McGEE, | ) ) ) | Honorable Robert A. Miller, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE ZENOFF delivered the judgment of the court, with opinion.
Presiding Justice Bridges and Justice Schostok concurred in the judgment and opinion.

**OPINION**

¶ 1    Following a jury trial in the circuit court of Du Page County, defendant, Liedgrin E. McGee, was found guilty of retail theft of property worth less than $300 (720 ILCS 5/16-25(a)(1) (West 2016)) and was sentenced to an extended-term sentence of four years' imprisonment. Defendant argues on appeal that the sentence was excessive. We affirm.

¶ 2                                    I. BACKGROUND

¶ 3    Defendant's retail theft conviction was based on evidence that he stole several shirts from Macy's in Aurora. Because defendant was previously convicted of retail theft, the offense was a Class 4 felony. *Id.* § 16-25(f)(2). Furthermore, because of defendant's history of prior felony

convictions, he was eligible for an extended-term sentence of three to six years in the Department of Corrections. 730 ILCS 5/5-4.5-45(a), 5-5-3.2(b)(1), 5-8-2(a) (West 2016).

¶ 4    Defendant's sentencing hearing was originally set for April 18, 2018, but he failed to appear, and a warrant was issued. He fled the jurisdiction and was arrested in another state. The matter proceeded to sentencing on November 20, 2018. Defendant's presentencing investigation report (PSI) detailed an extensive criminal history that included convictions of trespass to land, trespass to vehicles, attempted aggravated robbery, domestic battery, aggravated battery, resisting a peace officer, possession of cannabis, possession of a stolen motor vehicle, and driving on a revoked license. Defendant also had several prior retail theft convictions. The violent offenses—domestic battery, aggravated battery, and attempted aggravated robbery—were committed before 2008. Defendant had served prison sentences for several offenses. In 2015, defendant received a three-year prison term for felony retail theft. He was serving his term of mandatory supervised release when he committed the retail theft in the case before us now.

¶ 5    According to the PSI, defendant reported that both his parents suffered from addiction to drugs and/or alcohol and had spent time in prison. Defendant was raised in foster homes before being placed in the care of an aunt and uncle in Mississippi. Defendant had three children, who were born in 2011, 2013, and 2014. Defendant's youngest child resided with him. Defendant reported that he used marijuana and that he considered his use to be a problem. A letter from defendant's mother stated that defendant was diagnosed with attention deficit hyperactivity disorder as a child. Speaking in allocution, defendant asked for the opportunity to raise his youngest child. In sentencing defendant to a four-year extended term of imprisonment, the trial court noted, *inter alia*, defendant's extensive criminal history. The trial court also observed that defendant was a poor role model for his child.

¶ 6    Defendant filed a motion to reconsider his sentence, which was denied. He then filed this timely appeal.

¶ 7                                    II. ANALYSIS

¶ 8    It is well established that "[a] sentence within the statutory limits for the offense will not be disturbed unless the trial court abused its discretion," which occurs when "the trial court imposes a sentence that is greatly at variance with the spirit and purpose of the law, or is manifestly disproportionate to the crime." *People v. Watt*, 2013 IL App (2d) 120183, ¶ 49. "A trial court has wide latitude in sentencing a defendant, so long as it neither ignores relevant mitigating factors nor considers improper factors in aggravation." *People v. Roberts*, 338 Ill. App. 3d 245, 251 (2003). It has been observed that "[t]he Illinois Constitution mandates the balancing of both retributive and rehabilitative purposes of punishment." *People v. Evans*, 373 Ill. App. 3d 948, 967 (2007). Accordingly, "[t]he trial court is therefore required to consider both the seriousness of the offense and the likelihood of restoring the offender to useful citizenship." *Id.* The court is required to consider all factors in aggravation and mitigation. *Id.* "A sentence must be based on the particular circumstances of each case and depends on many factors, including the defendant's criminal history *** and the need to protect the public and provide a deterrent to crime." *People v. Jones*, 2019 IL App (1st) 170478, ¶ 49.

¶ 9    Defendant argues that his sentence was excessive when measured against the seriousness of the offense, which would have been a misdemeanor but for his prior criminal history. He contends that the case is similar to *People v. Allen*, 2017 IL App (1st) 151540. In that case, the defendant was convicted of burglary; he had broken the window of a parked truck and had taken a hat and two packs of cigarettes. Based on his criminal history, he was subject to Class X sentencing. The defendant had 11 prior convictions, including 6 for burglary and 3 for theft. The

trial court sentenced him to a 10½-year prison term. On appeal, a divided panel of the First District reduced the prison term to six years, which is the minimum Class X sentence. The majority relied heavily on *People v. Busse*, 2016 IL App (1st) 142941, which was also decided by a divided panel. The defendant in *Busse* had stolen $44 in quarters from a vending machine. Because of the defendant's history of similar crimes, the trial court sentenced him to a 12-year prison term. The *Busse* majority reduced the defendant's sentence to a six-year prison term. *Id.* ¶ 38 (opinion of Hyman, J., joined by Neville, J.) As the *Allen* majority explained:

> "[The defendant in *Busse*] had not harmed or threatened any person during his quest for loose change, and he was not armed with a weapon; this was consistent with his past crimes. [Citation.] Further, if his past stays in prison had not rehabilitated him, there was no point in imposing yet another lengthy sentence, at incredible expense to the State, simply to punish him for his petty crime." *Allen*, 2017 IL App (1st) 151540, ¶ 13 (opinion of Hyman, J., joined by Pucinski, J.).

¶ 10    Applying that reasoning to the facts in *Allen*, the *Allen* majority observed that "[m]uch like our previous decision in [*Busse*], the trial court [in *Allen*] imposed a lengthy sentence that greatly exceeds the seriousness of the crime (or rather, the lack of seriousness)." *Id.* ¶ 12.

¶ 11    The *Allen* majority acknowledged that the General Assembly had chosen to punish the defendant as a Class X offender based on his criminal history. However, the *Allen* majority stated:

> "[E]ven if the legislature chose not to exclude petty thefts, the trial court's exercise of its discretion to tailor the sentence within the Class X range must be tempered by the amount of harm the defendant inflicted, that is, the seriousness of the offense. That was not done here. In the face of a legislative judgment, we do not simply throw up our hands and say that we have no role to play in sentencing. The legislature has created sentencing ranges,

and it is the trial court's job, and then our job, to impose a sentence that is appropriate, just, and proportionate, depending on the nature, seriousness, and character of the offense." *Id.* ¶ 16.

¶ 12 In addition, the majority viewed the many failed attempts to rehabilitate the defendant for his prior crimes as a factor militating against a lengthy sentence. The majority explained, "we cannot see the point in sending [the defendant] to prison (a place whose partial purpose is supposed to be rehabilitation) for a long time if it is unlikely that he will emerge from it better than he was when he entered it." *Id.* ¶ 17.

¶ 13 Justice Mason dissented. She concluded that, as in *Busse*, the majority applied a judicially created " 'petty offense' " exception to the statute governing Class X sentencing for certain recidivists. Justice Mason noted that the *Busse* majority had asserted that the General Assembly created Class X sentencing to protect the public from murderers and rapists, not petty thieves. *Id.* ¶ 33 (Mason, J. dissenting) (citing *Busse*, 2016 IL App (1st) 142941, ¶ 31 (opinion of Hyman, J., joined by Neville, J.)). Justice Mason responded that such reasoning ignored the breadth of the Class X sentencing provisions. She explained, "The majority's willingness to override discretionary sentencing decisions based on its supposition that the legislature did not really mean what it plainly said does not reflect the cautious and sparing use of the power of a reviewing court to reduce a sentence." *Id.*

¶ 14 Justice Mason also disagreed with the majority's reliance on defendant's lack of rehabilitative potential as a basis for a short sentence. She noted that "defendants deemed incapable of rehabilitation generally receive longer, not shorter sentences." *Id.* ¶ 34.

¶ 15 In *People v. Cunningham*, 2018 IL App (4th) 150395, the Fourth District rejected the *Allen* majority's reasoning. In *Cunningham*, the defendant was convicted of burglary, a Class 2 felony,

and was sentenced as a Class X offender to a 20-year prison term. The defendant, who had an extensive criminal history, entered a garage without permission and with the intent to commit a theft but did not actually steal anything. The defendant argued on appeal that his sentence was excessive because his crime was less serious than that in *Allen*. The *Cunningham* court rejected the majority's analysis in *Allen* and embraced the reasoning of Justice Mason's dissent:

"While defendant in this case argues his offense is not serious enough to receive a Class X punishment, we agree with Justice Mason that it is for the legislature to enact the laws, not this court. Here, we only determine if the trial court abused its discretion in sentencing defendant based on his criminal history and factors in aggravation and mitigation. We find that defendant's sentence was within the statutory sentence range based on his lengthy criminal history and his potential to recommit similar offenses." *Id.* ¶ 54.

¶ 16    We agree with the dissent in *Allen* and the Fourth District's opinion in *Cunningham*. The *Allen* majority improperly substituted its own judgment of the seriousness of the offense for that of both the General Assembly and the trial court. The *Allen* majority thus invaded the "legislative province to define offenses and determine the penalties required to protect the interests of our society." *People v. Taylor*, 102 Ill. 2d 201, 206 (1984). The General Assembly's decision to sentence certain defendants as Class X offenders reflects a legislative judgment that their crimes, in conjunction with their criminal histories, are more serious offenses warranting a severe penalty. The same is true of the General Assembly's decisions to enhance misdemeanor theft to a felony subject to an extended-term sentence. Given the evidence in aggravation—most notably defendant's extensive criminal history—defendant was not entitled to the three-year minimum extended-term sentence for a Class 4 felony. We cannot say that the trial court abused its discretion in sentencing defendant to a four-year prison term, which is below the midpoint of the extended-

term sentencing range. We note that defendant committed the theft while serving a term of mandatory supervised release after serving a three-year prison term.

¶ 17    We reject the *Allen* majority's reasoning with respect to failed prior attempts to rehabilitate the defendant. As discussed, the *Allen* court concluded that those failures suggested that imposing yet another lengthy sentence would serve no purpose. The *Allen* court ignored an obvious purpose: protecting the public from the defendant's depredations. We, therefore, find no reason to disturb the trial court's sentencing decision.

¶ 18                                III. CONCLUSION

¶ 19    For the foregoing reasons, the judgment of the circuit court of Du Page County is affirmed.

¶ 20    Affirmed.

---

**No. 2-18-0998**

---

| | |
|---|---|
| **Cite as:** | *People v. McGee*, 2020 IL App (2d) 180998 |

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Du Page County, No. 17-CF-425; the Hon. Robert A. Miller, Judge, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | James E. Chadd and Thomas A. Lilien, of State Appellate Defender's Office, of Elgin (David J. Giesinger, of Crystal Lake, of counsel), for appellant. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | Robert B. Berlin, State's Attorney, of Wheaton (Lisa Anne Hoffman and Mary A. Fleming, Assistant State's Attorneys, of counsel), for the People. |

---