2021 IL App (2d) 200088-U
No. 2-20-0088
Order filed August 23, 2021

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(l).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Winnebago County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 17-CF-1048 |
| DEMARSHEY DANIEL MARTIN, | ) ) ) | Honorable Brendan A. Maher, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE HUDSON delivered the judgment of the court.
Justices McLaren and Zenoff concurred in the judgment.

**ORDER**

¶ 1    *Held*:   In resentencing defendant for violation of probation imposed for an age-based sex offense, the trial court did not consider improper factors in aggravation and gave appropriate weight to mitigating evidence.

¶ 2    Defendant, Demarshey Daniel Martin, appeals from the judgment of the circuit court of Winnebago County that revoked his probation and sentenced him to six years in prison. Defendant asserts that the trial court considered improper factors in aggravation and failed to weigh mitigating evidence. Because the court did not consider improper aggravating factors and properly considered mitigating factors, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4      Defendant was indicted on one count of aggravated criminal sexual abuse based on his being at least 5 years older than the victim, who was at least 13 years old but under 17 years old (720 ILCS 5/11-1.60(d) (West 2014)).  Because the offense was a Class 2 felony (720 ILCS 5/11-1.60(g) (West 2014)), defendant faced a potential prison sentence of three to seven years (730 ILCS 5/5-4.5-35(a) (West 2014)).

¶ 5      Defendant pled guilty to the offense.  The factual basis for the plea was that defendant admitted having a sexual relationship with the victim and further admitted that she had given birth to his child.  Per the plea agreement, the trial court sentenced defendant to 48 months' probation.  A condition of probation was that defendant would have no direct or indirect contact with the victim.

¶ 6      The State subsequently filed a petition to revoke probation.  Defendant admitted the allegation that he had contact with the victim.  The trial court scheduled the matter for resentencing and ordered a presentence investigation report (PSI).

¶ 7      The PSI stated that defendant had three adjudications in his juvenile history.  Defendant was convicted as an adult of possession of drug paraphernalia, disorderly conduct, and resisting a peace officer—all misdemeanors.  Among the risk factors identified in the PSI were that defendant "ha[d] a history of inappropriate relationships with minor females" and that he "displayed significant criminal thinking during [the] presentence investigation."  Defendant was "not fully cooperative" during the investigation.  The PSI noted defendant's admission that his sexual relationship with the victim continued while he was on probation and that this resulted in another pregnancy.  The PSI further noted that defendant had orders of protection entered against him in favor of several female minors, including the victim, based on physical violence or threats.  In the

summary section of the PSI, defendant was noted as having "a history of domestic violence and inappropriate, intimate relationships with minor females as evidenced by Court records and Orders of Protection."

¶ 8    The State presented two witnesses at the resentencing hearing. Matt Urbanski, defendant's probation officer, testified that defendant was required to complete sex-offender counseling as a condition of his probation. When defendant began missing sessions, the probation department paid for his attendance. After this, defendant attended two more sessions and then stopped attending altogether. He was eventually discharged from the program. Defendant also missed four appointments with probation and failed to attend orientation meetings for an anger management program. Urbanski also discovered that defendant was having prohibited contact with the victim.

¶ 9    Stephanie Edwards[1] testified that she interviewed defendant and prepared the PSI. She had characterized defendant in the PSI as "not fully cooperative," because he provided information inconsistent with his probation file. Also, when she asked him about his relationship with his siblings and the victim, he replied that it was none of her "goddamn business." On cross-examination, Edwards was asked why she wrote in the PSI that defendant "displayed significant criminal thinking" during the presentence investigation. She explained that she did so because defendant (1) admitted to continued contact with the victim, which he justified as "taking care of his family"; (2) snickered when Edwards referred to the victim as "the victim"; and (3) did not appear remorseful about the involvement of the Department of Children and Family Services' (DCFS) in the case.

_____

[1] She is identified by that name in court, but the name on the PSI is "Bethany Edwards."

¶ 10    Defendant testified that he had a very stressful childhood, enduring physical and mental abuse.  His father would often beat him with a paddle, a belt, or his hands.  The Department of Children and Family Services removed him from the custody of his mother.  He explained that he meant no disrespect when he told Edwards that his relationship with his siblings was none of her business.  Defendant had been a licensed certified nurse's assistant and was paid by the State to care for elderly family members.  Defendant admitted that he was the father of the victim's two children and stated that he wanted to be an active father to both.  He denied fathering any other children.  According to defendant, he missed the sex-offender counseling sessions because of transportation and financial issues.  Defendant asserted that he had become more patient and calmer since being on probation.

¶ 11    On cross-examination, defendant admitted having sexual intercourse with the victim while on probation and knowing that his probation conditions prohibited such contact.  He further admitted that several individuals had obtained orders of protection against him.  He explained that one of the individuals, a male, tried to assault him sexually, and he had to defend himself.

¶ 12    In imposing sentence, the trial court stated that it considered the factual basis for the original plea, the PSI, and the testimony of Urbanski, Edwards, and defendant.  The court further considered the aggravating and mitigating factors and defendant's conduct while on probation. The court noted that had defendant not agreed to the original probation sentence, the court could have imposed a prison sentence because there was "an eight year age difference" between defendant and the victim.  In response to an argument by defense counsel, the court stated that "the point" was not that defendant's sexual relations with the victim were not violent and did not cause her physical harm.  "The point," rather, was that a "23-to 24-year-old man, grown man *** should know better."  The court gave defendant credit for accepting responsibility but found it "difficult

to comprehend the idea that a 23- or 24-year-old man would not know that a 14 year old is a 14 year old or that that question should not or could not have been asked." The court stated that, more importantly, defendant was specifically told not to have contact with the victim and yet he again had sexual contact with her when he was 25 or 26 years old and she was under 18. This contact resulted in "creat[ion] [of] a new life." Besides defendant's violation of the no-contact condition, the court noted that defendant did not complete sex-offender counseling.

¶ 13    The trial court emphasized that this case "really comes down to individual choices and consequences of those choices." The court noted that defendant chose to have sex with a 15-year-old when he was 23 years old, resulting in the original charge, and that he continued to have sex with her despite a probation condition prohibiting such contact. The court added that defendant had sex with a girl eight years younger than himself, without any form of birth control, and brought "life into the world at a point in time when [defendant] was underemployed or barely employed." The court noted that birth control is available "on every corner" and is "free to almost everybody." In the court's opinion, neither defendant nor the victim was "in any position to be bringing life into the world and then not being in a position to support it." The court further commented that defendant should have known that, until he was "employed, *** educated, [and] steady and stable," he "[did not] [have] any business" having a child with a girl eight years his junior who herself was in no position to support the child. The court added, "Choice, consequence. Unprotected sex, life you can't support." Those were "nobody['s] choices but [defendant's]. The court noted that defendant displayed a pattern of having sex with females who were minors or significantly younger than him. He also showed a "repeated pattern of making really bad decisions," particularly while being on probation.

¶ 14    The trial court noted that it had considered the entire record and found that a prison sentence was necessary to protect the public, particularly female minors.  The court further found that another sentence of probation would deprecate the seriousness of defendant's conduct and be inconsistent with the ends of justice.  Thus, the court imposed a six-year prison sentence.

¶ 15    Defendant filed a motion to reconsider the sentence.  He challenged the amount of time credited for time served.  He also asserted that the trial court did not give proper weight to mitigating factors, including that he had never been sentenced to prison before.  At the hearing on the motion, the court rejected the mitigation argument, referring to its prior "oral ruling and findings."  Defendant, in turn, filed this timely appeal.

¶ 16                            II. ANALYSIS

¶ 17    On appeal, defendant contends that his sentence was excessive because the trial court (1) improperly relied on an element of the offense to aggravate the sentence, (2) relied on other irrelevant and improper factors in aggravation, and (3) failed to give any weight to the mitigating evidence.

¶ 18    A trial court has broad discretion in imposing a sentence, and its sentencing decisions are entitled to great deference.  *People v. Alexander*, 239 Ill. 2d 205, 212 (2010).  Sentences within the permissible statutory range may be deemed an abuse of discretion only where they are greatly at variance with the spirit and purpose of the law or manifestly disproportionate to the nature of the offense.  *Alexander*, 239 Ill. 2d at 212.  The trial court's responsibility is to balance the relevant factors and make a reasoned decision as to the appropriate punishment in each case.  *People v. Latona*, 184 Ill. 2d 260, 272 (1998).  The trial court has a far better opportunity to weigh such factors as the defendant's credibility, demeanor, general moral character, mentality, social environment, habits, and age.  *Alexander*, 239 Ill. 2d at 213.  A sentence must be based on the

particular circumstances of each case and depends on many factors, including a defendant's criminal history and the need to protect the public and deter crime. *People v. McGee*, 2020 IL App (2d) 180998, ¶ 8. The reviewing court must not substitute its judgment for that of the trial court merely because it would have weighed the sentencing factors differently. *Alexander*, 239 Ill. 2d at 213.

¶ 19    We first address defendant's contention that, because defendant's and the victim's ages were an element of the offense, it was improper for the trial court to consider their ages in aggravation. In doing so, we initially note that defendant did not raise this objection at sentencing or in his motion to reconsider sentence. See *People v. Hillier*, 237 Ill. 2d 539, 544 (2010). Defendant, in his reply brief, asserts that the issue is reviewable as plain error. To establish plain error, it must be shown that (1) the evidence at the sentencing hearing was closely balanced, or (2) the error was so egregious that the defendant was denied a fair sentencing proceeding. *Hillier*, 237 Ill. 2d at 545. Defendant argues that the trial court's error was so egregious that it denied him his right to a fair proceeding. However, if there is no error, there can be no plain error. *People v. Piatkowski*, 225 Ill. 2d 551, 565 (2007). We hold that the trial court did not err.

¶ 20    It is well established that a trial court may not consider a factor inherent in the offense as an aggravating factor in sentencing. *People v. Phelps*, 211 Ill. 2d 1, 11-13 (2004); *People v. Abdelhadi*, 2012 IL App (2d) 111053, ¶ 9. The principle applies, of course, when age is an element of the offense. See *People v. White*, 114 Ill. 2d 61, 66 (1986) ("We hold that because a necessary element of a conviction for aggravated battery of a child is that the victim is less than 13 years of age, the general fact that the victim is a child under the age of 13 years should not be considered as an aggravating factor in sentencing for this offense."). However, the trial court may properly consider the nature and circumstances of the offense, including the nature and extent of each

element of the offense as committed by the defendant. *People v. Saldivar*, 113 Ill. 2d 256, 268-69 (1986); *People v. Brewer*, 2013 IL App (1st) 072821, ¶ 55. The rule that a court may not consider a factor inherent in the offense is not meant to be applied rigidly, because sound public policy dictates that a sentence be appropriate to the circumstances of each offense. *People v. Spicer*, 379 Ill. App. 3d 441, 468 (2007). One of the relevant sentencing factors to be considered is the age of the defendant. *Saldivar*, 113 Ill. 2d at 268.

¶ 21    Here, although the trial court referred several times to defendant's and the victim's ages, it did so in the context of noting that, because defendant was eight years older than the minor victim, he was better suited to make the right choice about their having sex. The court emphasized that defendant, who was in his mid-20s, not only incurred a criminal charge for having sex with a minor, but he continued to have sex with her after receiving probation and being specifically prohibited from having contact with her. The court further found a need to protect other potential young female victims from the defendant's poor choices. Accordingly, the court did not merely rely on defendant's and the victim's ages. Rather, the court relied on their ages as they related to the particular behavior of defendant in this case and the need to protect the public. Thus, the court did not commit error, let alone plain error.

¶ 22    We next address defendant's contention that the trial court improperly considered in aggravation his poverty and that he presumably engaged in unprotected sex with the victim. Again, because defendant never raised this issue below, we apply the plain-error rule. For the following reasons, we conclude that there was no error, let alone plain error.

¶ 23    Although the trial court mentioned several times that defendant was in no position to be fathering children with the minor victim, the court was not singling out the failure to use birth control, as if the court would have condoned defendant's conduct if he had taken precautions. The

aim of the court's criticism was defendant's victimization of female minors through sexual relationships. The court emphasized defendant's pattern of poor choices, exemplified in the current case by his repeating, while on probation, the same conduct that led to the underlying criminal charge. Likewise, in mentioning defendant's inability to support a child, the court found that the financial situation worsened the victimization. Under the particular circumstances here, it was proper for the court to rely on defendant's conduct as an aggravating factor. Thus, the court committed no error.

¶ 24    Lastly, we address defendant's assertion that the court did not give any weight to the mitigating evidence. Defendant raised this issue in his motion to reconsider sentence and, thus, preserved it for appeal.

¶ 25    Where mitigating evidence is presented, we presume that the trial court considered it absent some indication to the contrary, aside from the sentence itself. *People v. Sauseda*, 2016 IL App (1st) 140134, ¶ 19. The trial court is not obligated to impose a sentence below the maximum merely because mitigating factors were present. *Sauseda*, 2016 IL App (1st) 140134, ¶ 19.

¶ 26    Here, the trial court was presented with mitigating evidence, which defendant recites in his briefs. More importantly, the court stated that it considered all aggravating and mitigating factors in imposing the sentence. Indeed, the court expressly credited defendant for accepting responsibility. The mere fact that the sentence was one year shy of the maximum does not show that the court did not consider the mitigating evidence. Absent some indication in the record that the court ignored the mitigating evidence, we presume that the court considered it.

¶ 27    For the foregoing reasons, we hold that the trial court did not abuse its discretion in sentencing defendant to six years in prison.

¶ 28                                    III. CONCLUSION

¶ 29    For the reasons stated, we affirm the judgment of the circuit court of Winnebago County.

¶ 30    Affirmed.