NOTICE
Decision filed 11/21/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 230095-U

NO. 5-23-0095

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Shelby County. |
| | ) | |
| v. | ) | No. 22-CF-37 |
| | ) | |
| JEREMY M. TAYLOR, | ) | Honorable |
| | ) | Amanda S. Ade-Harlow, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE WELCH delivered the judgment of the court.
Justices Moore and Boie concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The trial court did not abuse its discretion in sentencing the defendant to 20 years' imprisonment for armed violence.

¶ 2    At a jury trial, the defendant, Jeremy Taylor, was convicted of armed violence. Thereafter, the trial court sentenced him to 20 years' imprisonment. On appeal, the defendant does not challenge his conviction but rather attacks his sentence as excessive. For the reasons that follow, we affirm the order of the circuit court of Shelby County.

¶ 3                                I. BACKGROUND

¶ 4    On March 15, 2022, the State charged the defendant with four counts of armed violence predicated on unlawful possession of methamphetamine while armed with a dangerous weapon (a knife with a blade of at least three inches in length and a machete) (720 ILCS 5/33A-2(a) (West

1

2020)), one count of unlawful possession of methamphetamine (720 ILCS 646/60(a) (West 2020)), and one count of unlawful possession of a controlled substance (720 ILCS 570/402(c) (West 2020)).

¶ 5    At approximately 8 p.m. on March 14, 2022, Carol Ray called police and said that the defendant was on his way to her house, and she did not want him there. Officer Louis Maxedon and Deputy Brennon Atkinson both testified that the defendant had active warrants. After receiving the call, the officers went to Ray's house, parked their vehicles nearby, and waited for the defendant to arrive. When the defendant arrived, Deputy Atkinson approached him and confirmed the defendant's identity. The defendant then placed his hands behind his back, and Deputy Atkinson handcuffed him.

¶ 6    The officers subsequently searched the defendant's pockets and discovered several needles, different glass containers, a wrapped-up handkerchief that contained a Skittles bag with a spoon inside, and a closed pocketknife with an approximately four-inch blade. The spoon had a white substance on it that was later determined to be methamphetamine residue. They also found a sheathed machete under the driver's seat in the defendant's vehicle. The defendant testified and admitted to knowingly possessing the methamphetamine and the knife in his pocket. He indicated that the machete belonged to the woman he was living with; he had purchased it as a present for her son. After deliberations, the jury found the defendant guilty of possession of methamphetamine and armed violence predicated on possession of methamphetamine and the knife. The jury found him not guilty of armed violence predicated on possession of a machete. Thereafter, the trial court merged the possession of methamphetamine conviction into the armed violence conviction.

¶ 7    At the October 3, 2022, sentencing hearing, the State recommended that the defendant be sentenced to 25 years' imprisonment. The State argued that the trial court should consider the

defendant's lengthy history of criminal activity as an aggravating factor. The State noted that, in 2005, the defendant was sentenced to 6 years' imprisonment for methamphetamine manufacturing; and in 2013, he was sentenced to 30 months' imprisonment for possession of methamphetamine. He also had a previous conviction for tampering with anhydrous ammonia equipment, a conviction for a weapons offense, and convictions for shoplifting. The State also noted that the presentence investigation report (PSI) indicated that the defendant quit his job and had been "hustling ever since" by selling drugs, stealing items, or occasionally working odd jobs. He was rated at the very high-risk level on the adult risk assessment. The State argued that the armed violence statute was specifically designed for this kind of situation, *i.e.*, where a defendant possessed a weapon and methamphetamine.

¶ 8     In response, the defendant's counsel requested that the trial court impose a minimum sentence. Counsel noted that the defendant's criminal history consisted mostly of traffic violations and petty retail thefts. Counsel argued that the defendant's only felony conviction, other than this armed violence conviction, related to methamphetamine and that the defendant was an addict. Counsel noted that the PSI indicated that the defendant had been using "hard drugs" for 27 years. Counsel also noted that the defendant was cooperative with the police at the time of his arrest and completely honest with probation for his pretrial assessment. Counsel argued that the armed violence statute was overbroad as applied to the defendant's actions as he was being sentenced for being in possession of a pocketknife, which was discovered in his pocket and was not brandished or used to threaten anyone, at the same time that he possessed a small amount of methamphetamine. Counsel contended that a sentence as long as what the statute required was absurd given the facts and circumstances of the defendant's case.

¶ 9    After hearing counsels' arguments, the trial court sentenced the defendant to 20 years' imprisonment. In imposing this sentence, the court noted that it had considered the trial evidence; the PSI reports; counsels' arguments; and the history, character, and attitude of the defendant. In aggravation, the court considered the defendant's lengthy criminal history, noting that the defendant had about 17 years' worth of criminality since 2005 and had methamphetamine and anhydrous ammonia equipment tampering convictions. The court found that it was clear that the defendant's sentence for armed violence was necessary to deter others from committing the same crime.

¶ 10    The trial court then stated that, while the defendant did not cause or threaten any physical harm, being in possession of methamphetamine and a knife could have resulted in threat of physical harm. Also, the court found that, based on the defendant's 17-year criminal history and what was contained in the PSI reports, there was nothing to indicate that this was a circumstance that was unlikely to occur in the future. The court then stated that it believed that the defendant flourished in structured environments and was likely to comply with the rules while incarcerated. However, the court noted, "It's when you get out in the general community, you're like a tornado, to use your own words from the presentence investigation. If it's something bad it *** flocks right to the center of your core. If it's drugs, alcohol, if it's bad decisions. All of that. But inside the Department of Corrections, it appears—inside, you know, structured environments, you're fine."

¶ 11    The trial court then stated that it found the defendant's testimony at trial to be very genuine and truthful, that he owned his actions and did not deny the circumstances of the offense, and that he was completely compliant with the police officers during the arrest. However, the court found that the factors in aggravation outweighed the defendant's honesty on the stand, and the fact that it could not say that this was something that was unlikely to happen again because of the

defendant's own words that he was a tornado when he was out. Thus, the court found that the minimum sentence was not appropriate.

¶ 12    On October 13, 2022, the defendant filed a motion to reconsider his sentence, arguing that the trial court failed to give adequate weight to the mitigating factors at sentencing. At the February 1, 2023, hearing on the motion, the trial court denied the defendant's motion to reconsider his sentence, finding that it had weighed the factors in mitigation, but they were just outweighed by the factors in aggravation. The defendant appeals his sentence as excessive.

¶ 13                                    II. ANALYSIS

¶ 14    On appeal, the defendant argues that the a 20-year sentence was excessive where he committed armed violence in "only the most technical sense" as his folded-up pocketknife barely qualified as a dangerous weapon, and he only possessed a minuscule amount of methamphetamine; he did not cause or even threaten physical harm; he was cooperative during the arrest and admitted to his conduct during the trial; and he struggled with a drug addiction, his criminal history was largely the product of his addiction, and he had no violent offenses in his criminal history.

¶ 15    In general, where, as here, a sentence imposed by the trial court is within the statutory limits for the offense, we will not disturb the sentence absent an abuse of discretion by the court. *People v. McGee*, 2020 IL App (2d) 180998, ¶ 8. The trial court is given this level of deference because it is in a better position to weigh such factors as defendant's credibility, demeanor, general moral character, mentality, social environment, habits, and age. *People v. Calhoun*, 404 Ill. App. 3d 362, 385 (2010). A sentence will be deemed excessive and the result of an abuse of discretion where it is greatly at variance with the spirit and purpose of the law, or manifestly disproportionate to the nature of the offense. *People v. Stacey*, 193 Ill. 2d 203, 210 (2000). Although a reviewing

court has the power to reduce or alter a sentence, this power should be exercised cautiously and sparingly. *People v. Alexander*, 239 Ill. 2d 205, 212 (2010).

¶ 16    The proportionate penalties clause of the Illinois Constitution requires that penalties be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship. Ill. Const. 1970, art. I, § 11. A sentence violates the proportionate penalties clause if the punishment is cruel, degrading, or so wholly disproportionate to the offense as to shock the moral sense of the community. *People v. Miller*, 202 Ill. 2d 328, 338 (2002).

¶ 17    The Unified Code of Corrections sets out certain statutory factors in aggravation and mitigation that a trial court must consider when imposing a sentence of imprisonment. 730 ILCS 5/5-5-3.1, 5-5-3.2 (West 2020). In fashioning the appropriate sentence, the court must carefully consider all of the factors in aggravation and mitigation, and other factors, such as defendant's age, demeanor, habits, mentality, credibility, criminal history, general moral character, social environment, and education as well as the nature and circumstances of the crime and of defendant's conduct in the commission of the crime. *Calhoun*, 404 Ill. App. 3d at 385.

¶ 18    Here, the defendant was convicted of armed violence based on being armed with a Category II weapon, which was a Class X felony and carried a sentencing range of 10 to 30 years' imprisonment. 720 ILCS 5/33A-3(a-5) (West 2020); 730 ILCS 5/5-4.5-25(a) (West 2020). His 20-year sentence was within this prescribed sentencing range and below the State's recommendation of 25 years' imprisonment. Before announcing the sentence, the trial court noted that it had considered the trial evidence; the PSI reports, which reflected the defendant's long history of substance abuse and lengthy criminal history; counsels' arguments; the history, character, and attitude of the defendant; and the relevant factors in aggravation and mitigation. The court's commentary revealed that it gave significant consideration to the defendant's lengthy criminal

history, which began in 1995 with traffic violations and escalated to methamphetamine possession, methamphetamine manufacturing, an anhydrous ammonia equipment tampering conviction, and an "unlawful use of a black-jack knife" conviction. The court also considered that the sentence was necessary to deter others from committing armed violence.

¶ 19    The trial court recognized that the defendant's conduct did not cause or threaten any physical harm but noted that being in possession of methamphetamine and a knife could have resulted in the threat of physical harm. The court found that, based on the defendant's 17-year criminal history and the information contained in the PSI reports, there was nothing to indicate that this was a circumstance that was unlikely to reoccur in the future. The court also recognized that the defendant testified truthfully at trial, owned his actions, and was completely compliant with the police officers during his arrest. However, the court found that the applicable factors in aggravation heavily outweighed the factors in mitigation.

¶ 20    After carefully reviewing the record, we find that the court's comments reflect its serious consideration of the appropriate sentencing factors when it sentenced the defendant to 20 years' imprisonment. Although the defendant contends that he committed armed violence only in the "most technical sense" as his folded-up pocketknife barely qualified as a dangerous weapon, and he only possessed a minuscule amount of methamphetamine, the court was aware of the nature and the circumstances of the offense when sentencing him. Also, the defendant contends that the trial court did not consider his addiction to illegal substances as a factor in mitigation, but the record revealed that the defendant's substance abuse issues were discussed in the PSI reports, which were considered by the court. Moreover, his counsel argued that his addiction issues should be considered in mitigation when arguing for the minimum sentence. Absent an affirmative showing to the contrary, we are to assume the court properly considered all relevant factors and

7

any mitigation evidence presented. *People v. Wilson*, 2016 IL App (1st) 141063, ¶ 11. Thus, we conclude that the defendant's contention that the trial court failed to consider all of the mitigating factors is without merit. Further, we again note that a trial court has wide latitude in sentencing a defendant, as long as it neither ignores relevant mitigating factors nor considers improper factors in aggravation. *McGee*, 2020 IL App (2d) 180998, ¶ 8. We may not substitute our judgment for that of the trial court just because we would have weighed certain sentencing factors differently. *People v. Colon*, 2018 IL App (1st) 160120, ¶ 66. Accordingly, we conclude that the defendant's 20-year sentence was not greatly at variance with the spirit and purpose of the law, or manifestly disproportionate to the nature of the offense.

¶ 21                                    III. CONCLUSION

¶ 22    For the foregoing reasons, we affirm the judgment of the circuit court of Shelby County.


¶ 23    Affirmed.