**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2022 IL App (3d) 190067-U

Order filed January 11, 2022

---

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Tazewell County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) ) | Appeal Nos. 3-19-0067 and 3-19-0068 Circuit Nos. 17-CF-303 and 17-CF-388 |
| | ) | |
| EDMOND P. NISCHWITZ, | ) ) | Honorable Michael D. Risinger, |
| Defendant-Appellant. | ) | Judge, Presiding. |

---

JUSTICE DAUGHERITY delivered the judgment of the court.
Justices Holdridge and McDade concurred in the judgment.

---

**ORDER**

¶ 1    *Held*:   Defendant's sentence was not excessive.

¶ 2    Defendant, Edmond P. Nischwitz, appeals from his convictions for aggravated assault and aggravated battery. Defendant argues that his sentence is excessive in that the Tazewell County circuit court: (1) improperly considered defendant's mental illness as an aggravating factor, and (2) failed to consider the seriousness of defendant's crimes. We affirm.

¶ 3                              I. BACKGROUND

¶ 4    On July 20, 2017, defendant was charged with aggravated assault, a Class 4 felony. See 720 ILCS 5/12-2(b)(4.1) (West 2016). While out on bond, defendant committed aggravated battery, a Class 3 felony, for which he was charged on September 14, 2017. See *id.* § 12-3.05(f)(1). On October 19, 2017, defendant underwent a fitness evaluation, where a forensic psychiatrist found that defendant had bipolar disorder but was fit to stand trial.

¶ 5    On January 2, 2018, a hearing was held to discuss defendant's potential participation in the mental health court program. Under this program, defendant would enter a guilty plea in mental health court and the court would withhold sentencing. If defendant successfully completed the program, the case would be closed. The following day, defendant appeared in mental health court to consent to participate in the program and plead guilty to both charges. The factual basis for the plea for aggravated assault established that on June 30, 2017, defendant was in an ambulance being transported to the hospital when he spat at a paramedic. The factual basis for the plea for aggravated battery established that on August 13, 2017, defendant struck his brother with a board.

¶ 6    Defendant was informed of the maximum sentences he faced if he failed to complete the mental health program. For aggravated assault, defendant was eligible for an extended-term sentence of up to six years' imprisonment.[1] For aggravated battery, defendant faced a maximum of five years' imprisonment. Since defendant committed the aggravated battery while free on bond, any prison sentences the court imposed were required to be served consecutively.

¶ 7    While participating in the mental health program, defendant tested positive for marijuana several times and was unable to produce the proper number of prescribed medications several

---

[1]Defendant was extended-term eligible because he was previously convicted of a Class 4 felony in 2011. See 730 ILCS 5/5-5-3.2(b)(1) (West 2016).

times as well. Defendant was arrested on October 1, 2018, after he failed to appear for court on two separate occasions. On October 24, 2018, defendant voluntarily withdrew from the mental health program. Subsequently, the case was set for sentencing.

¶ 8 At sentencing, the State acknowledged that defendant's mental health issues should be considered as a mitigating factor. The State argued in aggravation that defendant had a violent criminal history, was dangerous, and had failed to complete the mental health program. The State asked the court to sentence defendant to eight years' imprisonment. Defense counsel asked the court to consider defendant for high risk probation, arguing that defendant's mental health history was substantial and that the violation in the mental health court program was minor. Defense counsel argued that defendant would be a good candidate for high risk probation because defendant's presentence investigation report (PSI) showed that he was in the very high risk category to reoffend.

¶ 9 The recommendation from the PSI stated that a sentence to community supervision would not be appropriate because defendant had made little progress while in mental health court and was frequently dishonest.

¶ 10 When sentencing defendant, the court said:

> "All right, so having now considered the factual basis taken at the time of the plea, the [PSI], and the extra materials here that I've received today, the history, character, and attitude of this Defendant, and arguments that have been presented here today, and also considering the statutory factors of aggravation and mitigation, I am going to sentence you to prison, because I feel that a sentence of probation would deprecate the seriousness of these offenses, but more importantly, I think it would be inconsistent with the ends of justice.

We've already tried high risk probation. It's called Mental Health Court. We've already tried to medicate [defendant] out of his problem, and the amazing thing was, every time he failed, he would spend some time in jail, and by the time he would come to me after whatever amount of time in jail, he was cleaned up, looking like a state senator, with the exception of wearing jail clothes, but he was always so well cleaned up and clearly in his right mind, and as soon as he goes out the door into freedom, bam.

He is not able to comply with any form of community supervision."

¶ 11 The court sentenced defendant to consecutive terms of three years' imprisonment for aggravated assault and five years' imprisonment for aggravated battery, followed by one year of mandatory supervised release.

¶ 12 On January 29, 2019, defendant filed a motion to reconsider sentence, arguing that his sentence was excessive and that the court failed to properly consider, weigh, or balance all factors in mitigation and aggravation. At the hearing on defendant's motion, the court said:

"I said this then. I'll say it again. Whenever we would sanction [defendant] for him typically failing to appear and then by the time we would catch up to him, he ingested some drugs, usually marijuana, he would serve some time in jail, and during his time in jail he would clean up. He would dry out, you know. Whatever he was on he would come down from, and he would come to court; and he would be so well cleaned up and clearly in his right mind. And whenever he was released, it wouldn't take long before things unraveled. This is in spite of him working with our treatment provider and us attempting to work with him through other classes that we had had ordered, other sessions of

4

treatment. So he's just totally inappropriate for any form of community supervision. We couldn't get anything more tailored to help him than mental health court."

The court denied defendant's motion.

¶ 13                                II. ANALYSIS

¶ 14        On appeal, defendant argues that his sentence is excessive where the court improperly considered an aggravating factor and failed to consider the seriousness of the crimes.

¶ 15        We will not alter a defendant's sentence absent an abuse of discretion by the circuit court. *People v. Alexander*, 239 Ill. 2d 205, 212 (2010). "[A] sentence within statutory limits will be deemed excessive and the result of an abuse of discretion by the trial court where the sentence is greatly at variance with the spirit and purpose of the law, or manifestly disproportionate to the nature of the offense." *People v. Stacey*, 193 Ill. 2d 203, 210 (2000).

¶ 16        As an initial matter, we note that the statutory range for an extended-term sentence for a Class 4 felony is three to six years' imprisonment. See 720 ILCS 5/12-2(b)(4.1) (West 2016); 730 ILCS 5/5-4.5-45 (West 2016). The statutory range for a Class 3 felony is two to five years' imprisonment. See 720 ILCS 5/12-3.05(f)(1) (West 2016); 730 ILCS 5/5-4.5-40 (West 2016). Here, the sentences were statutorily required to be served consecutively. See 730 ILCS 5/5-8-4(d)(9) (West 2016). Defendant's three-year prison sentence for aggravated assault and consecutive five-year prison sentence for aggravated battery are within the statutory range for both offenses and are therefore, presumptively valid. See *People v. Sauseda*, 2016 IL App (1st) 140134, ¶ 12.

¶ 17     Nonetheless, defendant argues that the circuit court improperly considered defendant's mental health as an aggravating factor, rather than as a mitigating factor when determining his sentence. Mental illness should be weighed as a factor in mitigation where:

> "At the time of the offense, the defendant was suffering from a serious mental illness which, though insufficient to establish the defense of insanity, substantially affected his or her ability to understand the nature of his or her acts or to conform his or her conduct to the requirements of the law." 730 ILCS 5/5-5-3.1(a)(16) (West 2016).

¶ 18     After reviewing the record, we find that the court did not abuse its discretion by improperly considering defendant's mental illness as an aggravating factor. Defendant takes issue with the court's comments that defendant was often cleaned up and in his right mind after spending some time in jail. The court's remarks at sentencing were in response to defense counsel's argument that the court should sentence defendant to high risk probation. The court explained that defendant was not appropriate for probation because of his failure to complete the mental health program. At the hearing on defendant's motion to reconsider sentence, the court's remarks echoed its explanation as to why defendant was not appropriate for probation.

¶ 19     Contrary to defendant's argument, the record reveals that the court did consider defendant's mental illness as a factor in mitigation. The court stated that it considered the factual basis, the PSI, the history, defendant's character and attitude, the parties' arguments, and the statutory factors in aggravation and mitigation when determining defendant's sentence. Moreover, both the State and defense counsel stated that defendant's mental illness was a statutory factor to be considered in mitigation. "Where mitigating evidence is presented to the trial court during the sentencing hearing, we may presume that the trial court considered it,

6

absent some indication, other than the sentence itself, to the contrary." *People v. Perkins*, 408 Ill. App. 3d 752, 763 (2011). Although the court did not discuss the statutory factors at length, it is not required to cite each factor it considered in fashioning a defendant's sentence. See *id.*

¶ 20     Defendant also argues that his sentence is excessive because the offenses to which he pled guilty were relatively minor and did not cause anyone physical harm. We disagree. The legislature determined that aggravated assault and aggravated battery are serious offenses when it categorized them as Class 4 and Class 3 felonies, respectively. 720 ILCS 5/12-2(b)(4.1) (West 2016); 730 ILCS 5/5-4.5-45 (West 2016); 720 ILCS 5/12-3.05(f)(1) (West 2016); 730 ILCS 5/5-4.5-40 (West 2016); see also *People v. Sharpe*, 216 Ill. 2d 481, 487 (2005) (noting "the legislature is institutionally better equipped to gauge the seriousness of various offenses"). The court was aware of the factual basis of each plea and stated that it considered this information in determining defendant's sentence. As the record indicates, the court ultimately determined that sentencing defendant to probation would deprecate the seriousness of the offenses. We find that defendant's sentence is neither greatly at variance with the spirit and purpose of the law, nor is it manifestly disproportionate to the nature of the offenses. See *Stacey*, 193 Ill. 2d at 210. Therefore, the circuit court did not abuse its discretion when it sentenced defendant to eight years' imprisonment.

¶ 21                              III. CONCLUSION

¶ 22     The judgment of the circuit court of Tazewell County is affirmed.

¶ 23     Affirmed.