2022 IL App (2d) 210485-U
No. 2-21-0485
Order filed September 12, 2022

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of McHenry County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 20-CF-171 |
| ANDREW N. SCHUMANN, | ) ) | Honorable Robert A. Wilbrandt Jr., |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE SCHOSTOK delivered the judgment of the court.
Justices Jorgensen and Birkett concurred in the judgment.

**ORDER**

¶ 1    *Held*:   In finding in aggravation that defendant's conduct caused "serious harm" to the victim, the trial court did not rely on a factor inherent in the offense of aggravated battery based on great bodily harm.

¶ 2    Defendant, Andrew N. Schumann, appeals from his sentence of four years' imprisonment for aggravated battery (720 ILCS 5/12-3, 3.05(1)(a) (West 2018) (great bodily harm)). He argues, as a matter of plain error, that the trial court at sentencing improperly considered in aggravation the harm to the victim—a factor inherent in the offense. We hold that defendant has failed to meet

his burden to show that the trial court relied on harm inherent in the offense. As defendant has not shown error, he has not shown plain error. Thus, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4     The State indicted defendant on one count of aggravated battery based on great bodily harm. The indictment alleged that defendant punched Crystal Schleehauf in the face, breaking her nose. At defendant's jury trial, the evidence showed that, on the night of August 10, 2019, defendant came to Schleehauf's home with his girlfriend, Christina Kent, who was the daughter of Schleehauf's boyfriend. For reasons not fully established, defendant repeatedly struck Schleehauf in the face with his fist.

¶ 5     According to the treating physician Natalie Dubuvoy, Schleehauf had "significant bruising around both eyes and cheeks[,] *** some abrasions *** on her face[,] and *** one deeper cut under her left eye." She also had bleeding in her left eye. A computerized axial tomography (CAT) scan showed a fractured left nasal bone—a broken nose. Dubuvoy repaired the cut under Schleehauf's eye with skin glue—an alternative to stitches—and a line of adhesive strips intended for closing cuts. Dubuvoy testified that the cut might leave a permanent scar.

¶ 6     Schleehauf testified that—in addition to the injuries Dubuvoy documented—defendant's blows knocked out one of her front teeth and loosened other teeth. She had to have all the loose teeth extracted. Further, her injured eye was still painful and frequently dripped fluid.

¶ 7     The jury found defendant guilty of the sole charge.

¶ 8     At the sentencing hearing, the State noted that aggravated battery causing great bodily harm is a Class 3 felony (720 ILCS 5/12-3.05(h) (West 2018)) with a base sentencing range of two to five years' imprisonment (730 ILCS 5/5-4.5-40(a) (West 2018)). Although arguing that defendant was eligible for an extended term due to his prior convictions, the State asked for a prison term

(four years) within the base sentencing range. The State contended that the primary aggravating factor was defendant's extensive criminal history, while another pertinent aggravating factor was that defendant's "conduct caused or threatened serious harm."

¶ 9    Schleehauf gave an oral victim-impact statement. She represented that (1) defendant's blows to her face "broke [her] nose and [her] eye," (2) one of her facial bones was still "kind of cracked," (3) her facial scar hurt, (4) her eye continued to drip, (5) she lost "two more" teeth (since her trial testimony) and now needed an entire upper denture, and (6) she was experiencing ongoing stress and loss of sleep.

¶ 10   Defense counsel began his argument in mitigation by contending that defendant did not intend to cause harm:

"I think it's clear that my client did not contemplate his criminal conduct at all or that it would cause or threaten serious physical harm to another.

Your Honor, my client's record clearly shows that he's a nonviolent offender. Granted, he's a drug abuser and has a serious alcohol problem, but he is not a violent offender.

So I think judging from the record and my client's allocation [*sic*], it is clear that, you know, he had no idea that this was going to happen even though he was drinking and taking pills, because it—obviously, there's no indication that this had happened in the past."

Counsel further argued that, because defendant's drug use led to the offense, he would be unlikely to reoffend if he received appropriate treatment.

¶ 11   The court imposed a sentence of four years' imprisonment. The court found that defendant was not extended-term eligible, because the record did not show the seriousness of his out-of-state

offenses. The court found three aggravating factors. First, it found that "defendant's conduct did cause or threatened to cause serious harm to another." See 730 ILCS 5/5-5-3.2(a)(1) (West 2018). The court elaborated: "I think Mr. [*sic*] Schleehauf's statement and her permanent scarring would be serious harm, and that she has taken the time to even display that to the Court." Second, the court noted defendant's criminal history. See *id.* § 5-5-3.2(a)(3). Third, it deemed that a sentence of incarceration was necessary to deter others. See *id.* § 5-5-3.2(a)(7).

¶ 12    Defendant filed a postsentencing motion but did not argue that the trial court had improperly considered a factor inherent in the offense. The court denied the motion, and defendant timely appealed.

¶ 13                                   II. ANALYSIS

¶ 14    On appeal, defendant argues that, when the trial court considered in aggravation that "defendant's conduct did cause or threatened to cause serious harm to another" (see *id.* § 5-5-3.2(a)(1)), it improperly considered a factor inherent in the offense of aggravated battery based on great bodily harm. Defendant concedes that, because his postsentencing motion did not raise this issue, he has forfeited ordinary review of the claim. See *People v. Harvey*, 2018 IL 122325, ¶ 15 ("In order to preserve a claim of sentencing error, both a contemporaneous objection and a written postsentencing motion raising the issue are required."). However, he contends that we can nonetheless reach his claim under the plain-error doctrine (see *People v. Hillier*, 237 Ill. 2d 539, 545 (2010)). He asks that we vacate his sentence and remand the matter for a new sentencing hearing.

¶ 15    To obtain relief under the plain-error doctrine, "a defendant must first show that a clear or obvious error occurred." *Id.* We agree with the State that the trial court did not err by considering

in aggravation that defendant's conduct caused "serious harm" (730 ILCS 5/5-5-3.2(a)(1) (West 2018)) to Schleehauf.

¶ 16    "[I]t is well established that a factor inherent in the offense should not be considered as a factor in aggravation at sentencing." *People v. Dowding*, 388 Ill. App. 3d 936, 942 (2009). This rule arises from the presumption that the legislature weighs the factors inherent in offenses when it sets sentencing ranges. *People v. Conover*, 84 Ill. 2d 400, 404-05 (1981). However, when a factor inherent in an offense can occur in varying degrees, a sentencing court may consider the degree to which the factor exceeded what is inherent in the offense:

> "Sound public policy demands that a defendant's sentence be varied in accordance with the particular circumstances of the criminal offense committed. Certain criminal conduct may warrant a harsher penalty than other conduct, even though both are technically punishable under the same statute. Likewise, the commission of any offense, regardless of whether the offense itself deals with harm, can have varying degrees of harm or threatened harm. The legislature clearly and unequivocally intended that this varying quantum of harm may constitute an aggravating factor. While the classification of a crime determines the sentencing range, the severity of the sentence depends upon the *degree of harm* caused to the victim and as such may be considered as an aggravating factor in determining the exact length of a particular sentence, *even in cases where serious bodily harm is arguably implicit in the offense for which a defendant is convicted.*" (Emphases in original.) *People v. Saldivar*, 113 Ill. 2d 256, 269 (1986).

¶ 17    "Imposition of a sentence is normally within a trial court's discretion [citation]." *People v. Abdelhadi*, 2012 IL App (2d) 111053, ¶ 8. "Nonetheless, the question of whether a court relied on an improper factor in imposing a sentence ultimately presents a question of law to be reviewed

*de novo.*" *Id.* This measure of *de novo* review is not inconsistent with either the "strong presumption that the trial court based its sentencing determination on proper legal reasoning" or our duty to "review the trial court's sentencing decision with deference." *Dowding*, 388 Ill. App. 3d at 942-43. The reason is that "[t]he burden is on the defendant to affirmatively establish that the sentence was based on improper considerations" (*id.* at 943)—we give the trial court the benefit of the doubt as we hold the defendant to that burden. However, the trial court has *no discretion* to consider aggravating factors that are implicit in the offense. See *Abdelhadi*, 2012 IL App (2d) 111053, ¶ 9 ("Although the trial court has broad discretion when imposing a sentence, it may not consider a factor implicit in the offense as an aggravating factor in sentencing."); see also *People v. Burnette*, 325 Ill. App. 3d 792, 809 (2001) ("[T]o treat the consideration of improper factors in sentencing as an abuse of discretion seems flawed. How may a court have discretion to consider a factor that is—by its very nature—excluded from such consideration?").

¶ 18    Defendant has not persuaded us that his sentence was based on harm inherent in the offense of aggravated battery based on "great bodily harm" (720 ILCS 5/12-3.05(a)(1) (West 2018)). His argument is two-fold. He first contends that the trial court did not substantiate its finding of "serious harm." He says:

> "[T]he trial court did not make any determination that the harm to Schleehauf exceeded the level of harm inherent to the offense of aggravated battery. Nor did the court comment on the force employed or the physical manner in which [defendant] caused the injuries. Rather, the court only considered the fact that serious harm had occurred, which is a factor inherent in the offense. Indeed, the only comment the court made regarding its finding that [defendant's] conduct caused serious harm to another, was that Schleehauf had 'permanent scarring' which the court considered as evidence that serious harm occurred."

¶ 19 Because the trial court determined that "defendant's conduct did cause or threatened to cause serious harm to another" (see 730 ILCS 5/5-5-3.2(a)(1) (West 2018)), we presume that the trial court found that defendant inflicted more than the "great bodily harm" (720 ILCS 5/12-3.05(a)(1) (West 2018)) required for an aggravated battery conviction. Contrary to defendant's implication, the trial court was not required to furnish a specific basis for finding that defendant caused "serious harm" to Schleehauf. "[A] trial court is not required to specify on the record the reasons for a defendant's sentence." *People v. Sauseda*, 2016 IL App (1st) 140134, ¶ 22. That is, "[w]hen imposing a sentence, the trial court must consider statutory factors in mitigation and aggravation, but the court need not recite and assign a value to each factor it has considered." *People v. McGuire*, 2017 IL App (4th) 150695, ¶ 38. Accordingly, although the court neither stated explicitly that the harm to Schleehauf exceeded what was inherent in the offense nor commented on how defendant inflicted her injuries, the court's silence in those respects did not overcome the presumption that the court employed proper sentencing factors.

¶ 20 Defendant asserts that "serious harm" is implicit in the offense of aggravated battery based on great bodily harm. Obviously, *some* harm is implicit in that offense, but "serious harm" cannot be coextensive with "great bodily harm," or else "serious harm" could never apply as an aggravating factor in sentencing for that offense—which demonstrably is not the case. "[T]he commission of *any offense*, regardless of whether the offense itself deals with harm, can have varying degrees of harm or threatened harm." (Emphasis added.) *Saldivar*, 113 Ill. 2d at 269. Indeed, the degree of harm may be considered an aggravating factor "*even in cases where serious bodily harm is arguably implicit in the offense for which a defendant is convicted*" (emphasis in original) (*id.*), *e.g.*, voluntary manslaughter (*id.* at 271), which involves death—the greatest of

physical harms. Necessarily, then, the degree of harm may be considered in sentencing a defendant for aggravated battery based on great bodily harm.

¶ 21    While the trial court was not required to cite specific grounds for its finding of "serious harm," the court did comment on the nature of Schleehauf's injuries: "I think Mr. [*sic*] Schleehauf's statement and her permanent scarring would be serious harm, and that she has taken the time to even display that to the Court." In his opening brief as quoted above, defendant mentions only the trial court's reliance on Schleehauf's permanent scarring. In his reply brief, however, defendant recognizes that the trial court referenced not only the permanent scarring *but also* Schleehauf's victim impact statement. In that statement, she mentioned more than her broken nose, which was the "great bodily harm" alleged in the indictment. She identified several other physical or psychological effects of the beating, including the loss of additional teeth, which necessitated an entire upper denture. The court might well have regarded the broken nose as the "great bodily harm" supporting the aggravated battery conviction and the other injuries as aggravating facts. Thus, we reject defendant's argument that the court did not support its finding of "serious harm."

¶ 22    Defendant's second argument is that, regardless of what the trial court found or what reasons it gave, Schleehauf in fact *did not* suffer harm exceeding the "great bodily harm" needed to convict him of aggravated battery. "Great bodily harm" eludes a precise legal definition. *People v. Doran*, 256 Ill. App. 3d 131, 136 (1993). It is "a more serious or grave injury than 'bodily harm,' which includes, but is not limited to, temporary or permanent lacerations, bruises or abrasions." *Id.*

¶ 23    In determining whether the aggravating factor of "serious harm" applies, "the sentencing court compares the conduct in the case before it against the minimum conduct necessary to commit

the offense." *People v. Hibbler*, 2019 IL App (4th) 160897, ¶ 67. The court examines the nature and circumstances of the offense, including the nature and extent of the offense elements. *Saldivar*, 113 Ill. 2d at 268-69.

¶ 24    Defendant argues:

"[T]he fact that Schleehauf had suffered scarring from her injuries does not exceed the level of harm that is inherent in the offense. [Citation.] Similarly, nothing in Schleehauf's victim impact statement, which stated that Schumann broke her nose, scarred her, and described th[e] pain she felt, rose to the level of harm beyond what is already inherent in the offense. Indeed, the fact that she suffered a broken nose was the sole allegation in the indictment for how [defendant] had caused great bodily harm."

¶ 25    The first two sentences are simply conclusory statements about the severity of Schleehauf's injuries. Aside from citing the definition of "great bodily harm," defendant does not develop or support these assertions. Also, defendant omits some injuries Schleehauf identified in her victim impact statement—most significantly, the loss of additional teeth necessitating an entire upper denture. If this extensive and permanent dental damage did not by itself exceed "great bodily harm," certainly the aggregate of Schleehauf's injuries did.

¶ 26    Also, the fact that the State alleged only the broken nose in the indictment does not matter. Presumably, the State selected that injury as a clear and easily proven instance of great bodily harm. That choice in no way reflected how the State viewed the other injuries or limited the aggravating facts on which the State could rely at sentencing.

¶ 27    We conclude that the trial court properly found in aggravation that Schleehauf suffered "serious harm." Because defendant has failed to show error, he has not shown plain error. See *People v. Hood*, 2016 IL 118581, ¶ 18 (without error, there can be no plain error).

¶ 28                          III. CONCLUSION

¶ 29    For the reasons stated, we affirm the sentence imposed by the circuit court of McHenry

County.

¶ 30    Affirmed.