NOTICE
Decision filed 03/10/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 210201-U

NO. 5-21-0201

IN THE

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Jefferson County. |
| | ) | |
| v. | ) | No. 19-CF-420 |
| | ) | |
| BROCHE L. TAYLOR, | ) | Honorable |
| | ) | Jerry E. Crisel, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE CATES delivered the judgment of the court.
Justices Welch and Barberis concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The defendant's 10-year prison sentence for unlawful failure to register as a sex offender was not excessive, and the trial court did not abuse its discretion in imposing this sentence.

¶ 2    Following an open plea of guilty to the charge of unlawful failure to register as a sex offender (730 ILCS 150/6 (West 2018)), the defendant was sentenced to 10 years' imprisonment. On appeal, the defendant contends that his sentence was excessive. For the following reasons, we affirm.

¶ 3                                   I. BACKGROUND

¶ 4    The defendant was required to register as a sex offender every 90 days pursuant to the Sex Offender Registration Act (SORA) (730 ILCS 150/1 *et seq.*). On August 6, 2019, the defendant reported to the Jefferson County Sheriff's Office to renew his registration. Based upon his previous

1

registration, however, the defendant was required to register on August 1, 2019. While at the sheriff's office on August 6, Detective Wallace met with the defendant and interviewed him. During the interview, the defendant admitted that he missed the August 1 deadline to renew his registration. The State subsequently charged the defendant with unlawful failure to register as a sex offender (730 ILCS 150/6 (West 2018)). Because the defendant had been previously convicted for failing to register as a sex offender, the instant offense was elevated to a Class 2 felony.

¶ 5    The defendant entered an open plea of guilty, with no agreement as to sentencing. At this hearing, the trial court admonished the defendant as to his rights. Also, the State indicated that the defendant was subject to a Class X sentencing range because of the defendant's criminal history. Defense counsel agreed, but noted that the defendant was only required to serve 50% of the sentence. The trial court accepted the defendant's plea of guilty and ordered a presentence investigation report (PSI) be prepared for sentencing.

¶ 6    The PSI set forth the defendant's criminal history, which included seven felony convictions. In 1996, the defendant was convicted of aggravated battery to a peace officer or fireman and sentenced to 18 months' conditional discharge. In 1997, the defendant was convicted of aggravated criminal sexual abuse with a victim between the ages of 13 and 16. He was sentenced to three years' imprisonment for this offense. In 2003, the defendant was convicted of violating SORA's provisions. He was sentenced to 24 months of probation and was required to serve 120 days in the county jail. In 2004, the defendant was convicted of residential burglary and was sentenced to three years' imprisonment. In 2005, the defendant was convicted of a narcotics offense and sentenced to four years' imprisonment. In 2011, the defendant was convicted of attempted burglary. He was sentenced to 2 years of conditional discharge and 180 days in the

county jail. In 2014, the defendant was convicted a second time for violating SORA and was sentenced to four years' imprisonment.

¶ 7    The defendant's criminal history also contained nine misdemeanor convictions, seven traffic violations, and two adjudications as a delinquent minor. The defendant's misdemeanor convictions included criminal trespass to state land, knowingly damaging property, resisting/obstructing an officer, theft, child endangerment, and disorderly conduct.

¶ 8    At sentencing, the parties did not present evidence in aggravation or mitigation. The State argued for a 15-year prison sentence, citing the defendant's criminal history. The State noted that the defendant had seven felony convictions, including two prior violations of SORA, and multiple incarcerations. The State contended that although there was no direct victim and no "thoughts" of harm related to the present offense, the underlying offense was aggravated criminal sexual abuse. The State argued that the purpose of the registration laws was "so that we know where these offenders are at and who they're near." In light of these factors, the State argued that a strong message needed to be sent to the defendant and others to take the registration laws seriously.

¶ 9    Defense counsel argued for the minimum sentence of six years, indicating that he would have sought probation, had it been a possibility. In support of the minimum sentence, defense counsel argued that, as a nonviolent offense, the defendant's conduct neither caused nor threatened serious physical harm to another. Defense counsel noted that the defendant had missed the deadline by five days and that he had shown up at the sheriff's office to renew his registration rather than deliberately evade law enforcement. Defense counsel concluded that a six-year sentence would send a strong enough message to the defendant to not commit a failure to register offense again.

¶ 10    In allocution, the defendant indicated that he agreed with defense counsel's argument. The defendant added that his failure to timely register was a "simple mistake" and that he did not intend

to report late. The defendant stated that he tries to stay consistent with his registration requirement but that it had "slipped" his mind.

¶ 11    The trial court indicated that it had considered the PSI and the factors in mitigation and aggravation. The trial court found the defendant's criminal history to be an aggravating factor, noting that the defendant had a lengthy and serious criminal history that resulted in a Class X sentencing range. The trial court also found in aggravation that a sentence was necessary to deter others from committing the same offense. In mitigation, the trial court agreed with the defendant that his criminal conduct neither caused nor threatened serious physical harm to another. The trial court described the offense as an "administrative" offense and a "victimless crime." The trial court indicated that it would have considered the minimum sentence if it had not been for the defendant's criminal record. The trial court emphasized that the offense was serious considering the purpose of SORA and that there was no exception for failing to register on time. The trial court sentenced the defendant to 10 years in the Illinois Department of Corrections followed by 3 years of mandatory supervised release.

¶ 12    The defendant filed a *pro se* motion to reconsider his sentence. In his motion, the defendant alleged that his sentence was excessive, that the trial court violated the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11), and that the court failed to consider several mitigating factors. In support of his contentions, the defendant argued that his crime was nonviolent, he was not avoiding registration, and he did not give a false address. The defendant alleged that he was sentenced based solely upon his criminal record. The defendant acknowledged that his record was extensive, but argued it was nonviolent. The defendant further argued that he was not a threat to the public and that the 10-year sentence was much longer than the sentences he received for his previous registration violation and the offense that caused him to have to register

4

as a sex offender. New, postsentencing counsel was subsequently appointed to represent the defendant. No amended motion was filed on the defendant's behalf.

¶ 13    At a hearing on the defendant's *pro se* motion to reconsider sentence, the defendant testified that he had missed his registration deadline due to an "honest mistake" and that it had "slipped" his mind. The defendant indicated that he reported to the sheriff's office as soon as he realized that he had to register. The defendant stated his sentence was excessive because the sentence was more than three times longer than it would have been if not for being sentenced as a Class X offender. The defendant indicated that he believed a six-year sentence was more than enough time to serve as a punishment.

¶ 14    Postsentencing counsel urged the trial court to reconsider its sentence and impose a sentence of six years. Postsentencing counsel argued that an appropriate sentence would be "within the realm of six years." Postsentencing counsel acknowledged the defendant's criminal history, but noted that the offense was a nonviolent, status-based offense. The State argued that the 10-year sentence was on the lower end of the Class X sentencing range and was justified given the defendant's criminal history. The trial court recalled that it had given a lot of consideration to the defendant's criminal history. The trial court noted that the defendant had an extensive felony record that qualified him for a Class X sentencing range, as well as misdemeanor and traffic matters. The trial court also noted that the current offense was the defendant's third violation of SORA. The trial court remarked that the 10-year sentence was in the lower half of the Class X sentencing range and concluded that it had imposed a fair sentence. The trial court declined to revisit its sentence and denied the defendant's motion. This appeal followed.

¶ 15                                    II. ANALYSIS

¶ 16    The defendant contends that his sentence was excessive and constituted an abuse of discretion by the trial court because his 10-year sentence is greatly at variance with the spirit and purpose of the law and manifestly disproportionate to the nature of his offense. The defendant requests that this court remand his case for a new sentencing hearing, or exercise our authority under Illinois Supreme Court Rule 615(b)(4) (eff. Jan. 1, 1967) and reduce his sentence.

¶ 17    The defendant argues that his failure to register as a sex offender was a "technical violation" that resulted from "honest oversight," rather than willful misconduct. The defendant asserts that he was being punished for attempting to rectify his mistake and comply with his registration requirement. The defendant further argues that the trial court improperly considered his criminal history because it was already considered when arriving at a Class X sentencing range.

¶ 18    Reviewing courts give great deference to the sentence imposed by the trial court and will not reverse the sentence on appeal absent an abuse of discretion. *People v. Alexander*, 239 Ill. 2d 205, 212 (2010). Reviewing courts give this deference because the trial court has a better opportunity to weigh such factors as the defendant's credibility, demeanor, general moral character, mentality, social environment, habits, and age. *Alexander*, 239 Ill. 2d at 212. A reviewing court may not substitute its judgment for that of the trial court merely because the reviewing court would have weighed sentencing factors differently. *Alexander*, 239 Ill. 2d at 213. A sentence within the statutory range will not be deemed excessive unless it greatly varies from the spirit and purpose of the law or is manifestly disproportionate to the nature of the offense. *People v. Fern*, 189 Ill. 2d 48, 54 (1999).

¶ 19    Initially, we note that the defendant was subject to a Class X sentencing range of 6 to 30 years. The trial court sentenced the defendant to 10 years' imprisonment, of which the defendant

6

was to serve 50%. The defendant's sentence was well within the statutory range and was, therefore, presumptively proper. See *People v. Cook*, 2021 IL App (3d) 190243, ¶ 36; *People v. Sauseda*, 2016 IL App (1st) 140134, ¶ 12.

¶ 20    In crafting the defendant's sentence, the record shows that the trial court considered the PSI and the statutory factors in aggravation and mitigation. In aggravation the trial court noted the defendant's "lengthy and serious" criminal record as well as the need to deter others. In mitigation, the trial court found that the defendant's criminal conduct neither caused nor threatened serious physical harm to another. Despite this, the trial court observed that the defendant's offense was "serious" because of the need to keep the police department and the public aware of where sex offenders are located. Also, the trial court noted that there was no exception for not registering on time.

¶ 21    The trial court indicated that it would have considered the minimum term of six years' imprisonment had it not been for the defendant's "extensive" criminal record. The defendant was convicted of aggravated criminal sexual abuse, which triggered his requirement to register as a sex offender. He was convicted of violating SORA, twice, which elevated his offense to a Class 2 felony. The defendant was also convicted of two Class 1 felony offenses for residential burglary and a narcotics violation, making him eligible to be sentenced as a Class X offender pursuant to section 5-4.5-95(b) of the Unified Code of Corrections (730 ILCS 5/5-4.5-95(b) (West 2018)). Aside from these convictions, the defendant had two felony convictions for aggravated battery of a peace officer or fireman and attempted burglary. Additionally, the defendant had nine misdemeanor convictions, which included convictions for disorderly conduct, child endangerment, resisting a peace officer, and knowingly damaging property. The defendant also had two juvenile adjudications and numerous traffic violations.

7

¶ 22    In sum, we find that the trial court did not abuse its discretion in sentencing the defendant. The defendant has not shown that the trial court considered any improper factor when sentencing the defendant. His 10-year sentence is well within the statutory limits and is presumed proper. Moreover, the 10-year sentence is not greatly at variance with or disproportionate to the defendant's third violation of SORA and his seventh felony conviction overall.

¶ 23    For the foregoing reasons, we affirm the defendant's sentence.

¶ 24    Affirmed.